The opinion of the court was delivered by
DeBlanc, J.
This suit was brought in the parish Court of Avoyelles, to recover from defendant the sum of three hundred and twelve dollars —for this:
I. That — from the 1st of January 1877, until the institution of this suit — -in July last — defendant sold or gave away — as a retail grocer or dealer — distilled liquors in less quantity than a gallon, and — as such— owes the State a license of eighty-five dollars.
2. That — for having failed to procure and exhibit said license, he is subject to a fine which — including the fees of the district attorney— amounts to one hundred and fifty-two dollars.
This action was brought in the name of the State, and defendant enjoined from carrying on his business as a retail grocer until payment of the license, fine and penalties claimed from him.
He excepted to the jurisdiction of the parish Court, on the ground that the amount involved in this suit exceeds five hundred dollars, and *919 —here—plaintiff moves that the appeal be dismissed, because the matter in dispute is less than that amount.
We have — before us — a case in which the legality of a tax is contested by the party from whom it is claimed, and the Constitution provides' — in express terms, that — whatever may be the amount of the disputed tax — the jurisdiction of this Court extends to such a case.
Const, art. 74
Is defendant liable for a license of $85, as keeper of a coffeehouse, in addition to that of $15, which he has paid as a retail grocer ?
He did not sell by the glass, but sold in quantity less than a gallon, and this he had the right to do under the license which he paid.
The law — on this point — is not as clear as it might have been — but it contains a provision which — of itself is sufficient to defeat plaintiff’s action. That provision is in these words: “ All retail grocers selling Inj the glass shall pay — in addition to the grocery license, that required to keep a coffeehouse.”
These expressions leave no doubt that the only grocers from whom that license could have been exacted under the law relied upon by the district attorney, were those alone who sold by the glass, and not those who — as defendant — sold by fractions of a gallon, to be consumed out of their store.
It is — therefore—ordered, adjudged and decreed that the judgment appealed from is avoided and reversed, and plaintiff’s demand rejected with costs in both Courts.